UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

LOCAL 2179, UNITED AUTOMOBILE       :
WORKERS OF AMERICA,                 :
                                    :
                Plaintiff,          :
                                    :
        -against-                   :
                                    :
THE DESIGN TEX GROUP,               :
                                    :
                Defendant.          :
-------------------------------------------------------------- x

07 Civ. 080 (CSH)

MEMORANDUM OPINION
AND ORDER

HAIGHT, Senior District Judge:

In this action, plaintiff Local 2179, United Automobile Workers of America (the "Union")

seeks to vacate in part an arbitration award rendered pursuant to a collective bargaining agreement

between the Union and defendant The Design Tex Group ("Design Tex"). The Union contends that

arbitrator Elliott Shriftman acted outside the scope of his authority when he failed to reinstate two

discharged employees, Steven Berry and Damien Hallowell, despite finding that Design Tex did not

have "just cause" for their terminations.

The Union seeks to vacate the arbitration award to the extent that it fails to reinstate Berry

and Hallowell. Defendant seeks to dismiss the action and confirm the arbitration award. Both

parties have moved for summary judgment. For the reasons set forth below, defendant's motion for

summary judgment is granted and plaintiff's motion for summary judgment is denied.

## I. BACKGROUND

### A.    The Parties and the Collective Bargaining Agreement

Design Tex is a company that enhances office furniture with fabric, upholstery, and wall

coverings. Its warehouse and distribution center is located in New Jersey. The Union represents the

office clerical and warehouse employees at defendant's facility. Design Tex and the Union are parties to a collective bargaining agreement (the "CBA"), effective from June 1, 2005 until May 31, 2008.

The CBA sets forth the standard for discharging employees and the procedure for resolving disputes over discharges. Article VI states in part: "The Employer [Design Tex] retains the right to discharge for just cause." If the Union believes an employee member was terminated without "just cause" and the dispute cannot be resolved between the parties and their representatives, the matter is referred to arbitration pursuant to Articles VI and XIV. Article XIV further provides: "The decision of the Arbitrator shall be final and binding upon both parties and shall be fully enforceable. It is understood that the Arbitrator shall not have the power to amend, modify, alter or subtract from this Agreement or any provision thereof."

The CBA contains two additional provisions relating to arbitration of disputes over discharges. Article VI also states: "If the arbitrator finds insufficient cause of the discharge or an employee who has been summarily discharged, the Employer shall pay to the employee such back pay as the arbitrator may direct." Article XV states:

> The Union agrees that during the term of this Agreement it or the employees shall not call, engage in, support, license or condone any strike, slowdown or refusal by the employees to work, and the Employer agrees not to lock out his employees except in the event the other party refuses to comply with an award of the arbitrator. . . .
>
> In the event that an employee or employees are discharged for violation of the terms of this Article with reference to strikes, picketing and walkouts, and in the event such matter is referred to arbitration, the Arbitrator shall first determine whether the employee or employees involved have committed the acts prohibited herein, and if he finds that the prohibited acts have been committed, then and in such event this shall be deemed conclusively discharge for just cause and the Arbitrator shall have no right to order the

2

reinstatement of the employee or to award any damages to such employee.

**B.    The Arbitration of Berry's and Hallowell's Terminations**

The present dispute arises out of Design Tex's terminations of Berry and Hallowell, who were employed by Design Tex as general warehouse associates in the New Jersey facility. Berry was a shop steward, and Hallowell was a member of the Union's negotiating committee. On October 7, 2005, Design Tex discharged Berry and Hallowell for intimidating and attempting to persuade co-workers to slow down their work and not work overtime. The Union disputed the justifications for their terminations pursuant to the grievance procedures set forth in the CBA, and the matter was subsequently referred to Arbitrator Shriftman. The parties submitted the following issues for arbitration: "Did the Employer have just cause to discharge Steven Berry and Damien Hallowell; and, if not, what shall be the remedy?"

The arbitrator conducted a hearing on August 17, 2006, during which the parties presented witnesses and exhibits and made arguments. Based on the evidence presented at the hearing, the arbitrator found Berry and Hallowell "guilty of serious misconduct" for telling co-workers to slow down and suggesting that they stop working overtime. Compl., Ex. B., Opinion and Award of Arbitrator ("Arb. Op."), at 12-13. Furthermore, the arbitrator found "no basis to believe that their terminations were in retaliation for their being either a shop steward or a member of the Union's negotiating committee" and concluded that "[t]he terminations were grounded only on the actions constituting unlawful slowdowns under Article XV and evidence of disloyalty." *Id.* at 13.

Having made these factual findings, Arbitrator Shriftman turned to whether the misconduct justified discharge and, if not, what remedy was warranted. He observed that "[t]he submission does not direct the remedy," and reasoned that because Article XV of the CBA did not constrain the

3

arbitrator's remedy for misconduct relating to slowdowns (as opposed to strikes, picketing, and walkouts), "in fixing the remedy, the Arbitrator has the right to fashion one based on the broad powers endowed to him by the submission." *Id.*

The Arbitrator then concluded that reinstatement was not appropriate because "[t]he belief that Berry and Hallowell could be trusted to perform their jobs fully and with respect for the Company has been destroyed," Arb. Op. at 14, but that Berry and Hallowell should receive six months' pay.[1] To effectuate this remedy, Arbitrator Shriftman rendered the following award:

> The discharge of Steven Berry and Damien Hallowell was not for just cause even though they were guilty of serious misconduct. Reinstatement is not appropriate and is not directed. The Employer is hereby directed to pay Berry and Hallowell each an amount equal to six (6) months' wages based on their average rate of pay in the year preceding their terminations less usual withholdings.

*Id.* at 15.

Design Tex has paid Berry and Hallowell in accordance with the arbitration award.

## C.   Procedural History

On December 4, 2006, the Union commenced this action, seeking (1) to vacate the arbitration award to the extent that it refused to reinstate Berry and Hallowell, and (2) an order directing the parties to return to Arbitrator Shriftman to jointly request that he issue a revised award ordering the reinstatement of Berry and Hallowell. On March 16, 2007, defendant filed a motion to dismiss the complaint and confirm the arbitration award. Because defendant's motion papers included materials outside the pleadings, the Court converted the motion to dismiss into a motion for summary

---

[1] Arbitrator Shriftman noted: "While some of my colleagues might have awarded reinstatement without back pay, the undersigned is convinced, looking to the future, as all discharges must, that this would not be in the best interests of the grievants and the Company." Arb. Op. at 14.

4

judgment. Plaintiff filed a cross-motion for summary judgment.

## II. DISCUSSION

### A.    Standard of Review on Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law governing the case will identify which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995).

### B.    Standard of Review for Labor Arbitration Awards

Courts play a distinctly limited role in reviewing the decisions of arbitrators. "An arbitration award must be upheld when the arbitrator offers even a barely colorable justification for the outcome reached." *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 526 (2d Cir. 2005) (citation and internal quotations omitted).

Although courts review arbitration awards with great deference, this deference is not absolute. A court may vacate an award when "the arbitrator exceeds his powers" by acting beyond the arbitrator's scope of authority under the agreement or submission. *187 Concourse Assocs.*, 399 F.3d at 527. In addition, the "arbitrator's award [must] draw[] its essence from the collective

5

bargaining agreement, since the arbitrator is not free merely to dispense his own brand of industrial justice." *Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199*, 116 F.3d 41, 44 (2d Cir. 1997). Thus, an arbitrator may not "ignore the plain language of the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.*

"The party seeking to vacate or modify an arbitration award bears the burden of proof, and the showing required of that party in order to avoid summary affirmance of the award is high." *DeGaetano v. Smith Barney, Inc.*, 983 F. Supp. 459, 461 (S.D.N.Y. 1997).

## C.   Analysis

The issue in this case is whether Arbitrator Shriftman's award—which failed to reinstate Berry and Hallowell despite finding that Design Tex did not have just cause for their terminations—so clearly ignored the plain meaning of the contract or the submission that it exceeded the scope of the arbitrator's authority and failed to "draw its essence" from the CBA.[2]

Article VI of the CBA states that "[t]he Employer retains the right to discharge for just cause." This provision clearly implies that discharge *without* just cause is a breach of the CBA. Thus, if Arbitrator Shriftman had concluded that Design Tex had not breached the CBA even though it discharged Berry and Hallowell without just cause, he would have acted contrary to the plain meaning of the CBA. But that is not what Arbitrator Shriftman did. He found that Berry and

---

[2] The scope of the arbitrator's authority and his interpretation of the contract are intertwined in this case because Article XIV of the CBA provides that "the Arbitrator shall not have the power to amend, modify, alter or subtract from this Agreement or any provision thereof." Thus, if the arbitrator's award is plainly inconsistent with the CBA, it necessarily follows that the arbitrator acted outside the scope of his authority.

Hallowell had been discharged without just cause, but concluded that an appropriate remedy would be six months' wages, but without reinstatement. The issue before the Court on these cross-motions is whether the CBA plainly required the remedy for Design Tex's breach to include reinstatement of Berry and Hallowell.

The Union argues that, because Design Tex did not have the right to discharge without just cause, "the only way to correct such an error and apply the terms of the [CBA] is to reinstate the employee—either with or without backpay." Pl.'s Opp'n Br. at 4-5. But although the most natural and typical remedy for such a breach would appear to be reinstatement, it is not the only conceivable remedy. Such a breach could alternatively be remedied by monetary damages.[3] Thus, the mere fact that discharge without just cause was prohibited by the CBA does not clearly require that the remedy for such a breach be reinstatement.

Nor do other provisions in the CBA clearly require that a discharge without just cause be remedied by reinstatement. Article VI states: "If the arbitrator finds insufficient cause of the discharge or an employee who has been summarily discharged, the Employer shall pay to the employee such back pay as the arbitrator may direct." This provision empowers an arbitrator to award back pay if there has been insufficient cause for discharge, but does not mandate reinstatement in that circumstance. Article XV provides that if an arbitrator determines that an employee has committed misconduct related to strikes, picketing, and walkouts, "this shall be deemed conclusively discharge for just cause and the Arbitrator shall have no right to order the reinstatement of the employee or to award any damages to such employee." This provision is not

---

[3] More generally, when a party has breached a contract, the remedy for the breach may involve monetary damages rather than specific performance.

7

directly applicable to the case at hand because neither Berry nor Hallowell engaged in misconduct related to strikes, picketing, or walkouts. More generally, the provision implies that, if there is not just cause for termination, the arbitrator shall have the right to order reinstatement and to award damages; but the provision does not *require* that the arbitrator order reinstatement.

Because the CBA permits arbitrators to order reinstatement and award damages but does not clearly require the arbitrator to reinstate an employee who has been discharged without just cause, Arbitrator Shriftman's decision to award damages without reinstatement was a plausible interpretation of the CBA, and thus sufficiently drew its essence from the CBA. *See Ass'n of W. Pulp & Paper Workers, Local 78 v. Rexam Graphic, Inc.*, 221 F.3d 1085, 1090-91 (9th Cir. 2000) (holding that arbitrator's decision to grant backpay and benefits without reinstatement as remedy for discharge without just cause drew its essence from the CBA where the CBA "could have limited the arbitrator's remedial authority if the parties had desired to do so at the time of contracting, but it contained no such restrictions"); *cf. Int'l Bhd. of Elec. Workers, Local 1522 v. AT & T Microelecs., Inc.*, 909 F. Supp. 294, 297 (E.D. Pa. 1995) (holding that arbitrator's decision to reinstate without backpay as remedy for discharge without just cause did not draw its essence from the CBA where the express terms of the CBA "plainly set forth the remedy in the event that the arbitrator concludes that there was a lack of just cause" and required that "the grievant must be reinstated and must be awarded back pay"). Even if plaintiff could demonstrate that a *better* interpretation of the CBA requires the arbitrator to reinstate employees (with or without backpay) when they have been discharged without just cause, this would not be sufficient to vacate the award. For "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his

8

decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Therefore, Arbitrator Shriftman's award sufficiently drew its essence from the CBA and did not exceed the scope of his authority under the CBA.

Nor did Arbitrator Shriftman exceed the scope of his authority under the submission. As noted above, the parties submitted the following issues for arbitration: "Did the Employer have just cause to discharge Steven Berry and Damien Hallowell; and, if not, what shall be the remedy?" By its terms, the submission permits the arbitrator to consider a remedy if the discharges were without just cause, but places no limitations on the type of remedy that could be fashioned. In its brief, plaintiff contends that "it is commonly understood and clear that the phrase 'what shall be the remedy?' refers to whether reinstatement will be made with or without backpay." Pl.'s Opp'n Br. at 5 n.1.[4] But notwithstanding plaintiff's alternative explanation, Arbitrator Shriftman's decision clearly reflects a plausible interpretation of the arbitrator's remedial powers under the submission. Thus, Arbitrator Shriftman did not exceed the scope of his authority under the submission.

Finally, plaintiff argues that Arbitrator Shriftman dispensed his own brand of industrial justice because he cited his own prior decision as a precedent (for awarding backpay without reinstatement) and acknowledged that other arbitrators might have awarded a different remedy. Pl.'s Opp'n Br. at 5. But these arguments must fail as well. Arbitrator Shriftman permissibly construed the CBA and submission as granting him discretion to fashion an appropriate remedy for discharge without just cause. Nothing in the CBA or submission prohibited Arbitrator Shriftman from reflecting upon his own prior cases in fashioning the remedy; nor was he required him to reach a result that all other arbitrators would agree with.

_____

[4] Plaintiff has not presented any evidentiary support for this assertion.

9

As noted above, judicial review of arbitration awards is very limited. The Supreme Court has explained: "[W]here it is contemplated that the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect. If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). In this case, Arbitrator Shriftman's opinion provided a "colorable justification for the outcome reached." *187 Concourse Assocs.*, 399 F.3d at 526. The remedy he fashioned did not conflict with the plain meaning of the CBA, nor was it beyond the scope of his authority under the CBA or the submission. Therefore, there is no basis for the Court to vacate the award.

## III. CONCLUSION

For the above reasons, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted. The Clerk is directed to dismiss the complaint with prejudice. The arbitration award is confirmed by the Court.

It is SO ORDERED.

Dated: New York, New York
September 13, 2007

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

10